IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CASTRO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -V- | § | Civil No. _____ |
| | § | JURY DEMANDED |
| GRANT THORNTON, LLP | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

*TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:*

NOW COMES John Castro ("Castro"), Plaintiff, and files this, his Original Complaint, because his employer, Grant Thornton ("GT") subjected him to age (57 years old) and/or national origin (Hispanic) discrimination in connection with the terms, conditions and termination of his employment. Castro contends that Defendant's actions violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq*. ("ADEA"), and./or the Texas Labor Code, Chapter 21.001 *et seq*. ("TLC Chapter 21").

I.
PARTIES

1. Plaintiff Castro is an individual who is a citizen of the State of Texas.

2. Defendant GT is a Foreign Limited Liability Partnership doing business in Texas. GT's designated registered agent for service of process is: Doreen Griffith, 1717 Main Street, Suite 1700, Dallas, TX 75201.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because this action arises under and presents a federal question pursuant to federal statutes, Title VII/ADEA, along with supplemental jurisdiction over related state claims. 28 USC § 1331; 28 U.S. Code § 1367. Defendant is a business organization doing business in the State of Texas, and this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4. Venue is appropriate in this Court because the acts giving rise to this case occurred within the geographical jurisdiction area of this Court.

## III.
## FACTUAL ALLEGATIONS

5. Castro has personal knowledge of all of the following facts.

6. GT employed Castro in the position of Director of Business Incentives at an office located in Dallas, Dallas County, Texas.

7. At all relevant times herein, GT had and has employed a sufficient number of employees to be subject to both Title VII, ADEA and/or TLC Chapter 21.

8. On or about March 23, 2021, GT terminated Castro's employment.

9. At the time GT notified Castro that his employment was being terminated, the GT HR official told him that reason he was being terminated was because of a joking comment he had made several weeks prior, in the presence of co-workers about state government in Austin, Texas that allegedly had been construed as offensive towards the LGBTQ+ community.

10. When GT's HR officials initially investigated Castro's comment and questioned him about it, he informed them that he had no awareness that his comment could be taken as offensive and did not intend it to be offensive towards the LGBTQ+ community.

11. GT took no immediate disciplinary action against Castro after receiving his explanation.

12. However, after being informed of his termination, Castro complained to his superior, Rick Strohmaier ("Strohmaier"), a GT Tax Services Partner, that he could not believe that he had been

terminated for this comment that had occurred many weeks ago and which he did not know could be taken as and did not intend to be offensive towards the LGBTQ+ community.

13. Strohmaier responded by informing Castro that in fact he had been terminated for a completely different reason: an incident that had occurred between he and another GT employee named Tam Vo ("Vo").

14. Vo is of Asian/non-Hispanic national origin and is significantly younger than Castro.

15. Vo was employed by GT in a similar job as Castro and they had worked together on a jointly assigned project for GT, which the project required accurate communication between Castro and Vo in order to have a successful result.

16. In the course of working on this project, Vo provided Castro incorrect important information that caused Mr. Castro to be unable to properly perform his part of the project.

17. When Castro was eventually able to discover that Vo had provided him incorrect information and pointed it out to him, Vo blew up and complained to HR about Castro.

18. When Castro was able to demonstrate to his manager and HR that he was misled by Vo, HR officials informed Castro that the issue was supposedly resolved with Vo admitting that he should not have filed his complaint about Castro.

19. In the course of this process, Castro's immediate supervisor, Mike Eickhoff ("Eickhoff"), Managing Director of Credits and Incentives, informed him that Vo long had serious issues working with other people at GT but that he was working to improve Vo in that regard and that Vo was his (Mike Eickhoff's) problem to deal with, not Castro's.

20. Castro was told by HR officials that with this resolution of the matter, it would be kept confidential and that no one would know about it.

21. However, Castro was then later questioned about the matter by Strohmaier during a one-on-one call.

22. Shortly thereafter, GT terminated Castro's employment, as described above.

23. Comparatively, Vo was not subjected to any consequences or disciplinary actions as a result of the foregoing incident with Castro and, instead, was treated significantly better than Castro in that he was allowed to remain employed by GT and given management support by Eickhoff to assist him in working through his ongoing problematic working relationships with other GT employees, which included Castro.

24. The changing reasons given to Castro by GT for terminating his employment were pretexts for the real reason: unlawful age and/or national origin discrimination.

25. As a direct and proximate result of Defendant's above-described actions, Castro experienced damages in the form of lost wages as well as mental pain, suffering, and anguish and loss of enjoyment of life damages. Furthermore, Defendant's above-described actions and unlawful age discrimination were willfully undertaken by Defendant.

26. Castro has satisfied all Title VII/ADEA/TLC Chapter 21 claim administrative prerequisites, to include the timely filing of a Charge/Complaint of Discrimination with the EEOC/Texas Workforce Commission, and within the requisite right to sue letter time frames, as issued by the EEOC/Texas Workforce Commission.

IV.

27. The allegations contained in paragraphs 1 through 26, *supra*, are fully incorporated herein with respect to each and every claim set forth below.

### A. FIRST CAUSE OF ACTION: ADEA – AGE DISCRIMINATION

28. Defendant, as described above, unlawfully subjected Castro to age-based discrimination in violation of the ADEA.

29. As a direct and proximate result of Defendant's actions as described above, Castro suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Castro is entitled to and sues Defendant for such actual damages as permitted by law.

30.     Defendant's above-described actions and unlawful age discrimination were willfully undertaken by Defendant against Castro. Accordingly, Castro is entitled to and sues Defendant for liquidated damages in the maximum amount permitted by law.

31.     Castro is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

32.     Castro hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### *B. SECOND CAUSE OF ACTION*: TLC CHAPTER 21 – AGE DISCRIMINATION

33.     Defendant, as described above, unlawfully subjected Castro to age discrimination in violation of TLC Chapter 21.

34.     As a direct and proximate result of Defendant's actions as described above, Castro suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Castro is entitled to and sues Defendant for such actual damages as permitted by law.

35.     As a direct and proximate result of Defendant's actions as described above, Castro suffered compensatory damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life. Accordingly, Castro is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

36.     Defendant's joint and several unlawful actions as described above were done with malice and/or with reckless indifference to Castro's state protected rights. Accordingly, Castro is entitled to and sues Defendant for exemplary damages in the maximum amount permitted by law.

37.     Castro is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

38.     Castro hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

*C. THIRD CAUSE OF ACTION*: TITLE VII – NATIONAL ORIGIN DISCRIMINATION

39. Defendant, as described above, unlawfully subjected Castro to national origin discrimination in violation of Title VII.

40. As a direct and proximate result of Defendant's actions as described above, Castro suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Castro is entitled to and sues Defendant for such actual damages as permitted by law.

41. As a direct and proximate result of Defendant's actions as described above, Castro suffered compensatory damages in the form of mental pain, suffering, anguish and loss of enjoyment of life. Accordingly, Castro is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

42. Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Castro's federally protected rights. Accordingly, Castro is entitled to and sues Defendant for punitive damages in the maximum amount permitted by law.

43. Castro is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

44. Castro hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

*D. FOURTH CAUSE OF ACTION*: TLC CHAPTER 21 – NATIONAL ORIGIN DISCRIMINATION

45. Defendant unlawfully subjected Castro to national origin discrimination in violation of the Texas Labor Code, Chapter 21.

46. As a direct and proximate result of Defendant's actions as described above, Castro suffered actual damages in the form of lost wages, past and future, as well as lost or replacement

employment-offered benefits. Accordingly, Castro is entitled to and sues Defendant for such actual damages as permitted by law.

47. As a direct and proximate result of Defendant's actions as described above, Castro suffered compensatory damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life. Accordingly, Castro is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

48. Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Castro's state protected rights. Accordingly, Castro is entitled to and sues Defendant for exemplary damages in the maximum amount permitted by law.

49. Castro is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

50. Castro hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

## V.
## JURY DEMAND

51. Plaintiff exercises his right to and requests a trial by jury.

## VI.
## DAMAGES

For these reasons, and for each cause of action described above, Plaintiff asks for judgment against Defendant for the following:

A. Lost wages in the form of back pay, including wages and benefits from the time of Plaintiff's termination to time of trial.

B. Lost wages in the form of front pay, including wages and benefits from the time of trial into the future.

C. Cost of lost or replacement employment benefits and out of pocket expenses incurred, as a result of the loss of employment-offered benefits.

D. Compensatory damages in the maximum amount permitted by law, under Title VII.

E. Compensatory damages in the maximum amount permitted by law, under TLC Chapter 21.

F. Liquidated damages in the maximum amount permitted by law, under ADEA.

G. Exemplary damages in the maximum amount permitted by law, under TLC Chapter 21.

H. Punitive damages in the maximum amount permitted by law, under Title VII.

I. Attorneys' fees and costs.

J. Pre- and post judgment interest at the maximum rate allowed by law.

K. Injunctive relief granting notice to employees of any judgment along with notice of their statutory rights to bring similar claims to the US Equal Employment Opportunity Commission and/or respective state agencies.

L. Injunctive relief for monitoring and reporting of Title VII, ADEA and/or TLC Chapter 21 violations.

M. Injunctive relief requiring training of employees as to the requirements under Title VII, ADEA and/or TLC Chapter 21.

N. Injunctive relief of reinstatement or, alternatively, front pay.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and that, following a trial on the merits, Plaintiff receive all relief requested as well as such other and further relief to which he is justly entitled.

Respectfully submitted,

**LAW OFFICE OF DALE M. RODRIGUEZ**
450 Century Parkway, Suite 250
Allen, Texas 75013
Phone: 214-713-4665
Fax:     888-717-7542
dale@dmrlawoffice.com


By:   /s/ Dale M Rodriguez__
        Dale M. Rodriguez
        *Texas Bar No. 00788302*
        *Florida Bar No. 0780081*

*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

This is the Original Complaint. Service will be made either by waiver of service or by summons issued by the Clerk of the Court.

  /s/ Dale M Rodriguez__
        Dale M. Rodriguez